**The STATE of Ohio, Appellee,**

v.

**HOLDER, Appellant.**

[Cite as *State v. Holder* (1991), 72 Ohio App.3d 374.]

Court of Appeals of Ohio,
Butler County.

No. CA89–12–178.

Decided Feb. 4, 1991.

*Bruce Fassler,* City Prosecutor, for appellee.

*Finkleman, Forshaw, Milbauer & Booher Co., L.P.A.,* and *Karan M. Horan,* for appellant.

---

*Per Curiam.*

On September 25, 1989, police responded to Middletown Hospital where appellant's seventy-year-old mother, Sarah Holder, had been admitted in extremely poor physical condition. Mrs. Holder appeared to be in a state of extreme malnutrition, was infected with head lice, suffered multiple open pressure sores, one of which exposed her ribs, and had an open wound on her right hip through which several stainless steel pins protruded. Mrs. Holder's condition exhibited evidence of not having received adequate nourishment or medical attention for several months.

Appellant Ishmell Holder and his mother had lived together since 1957. Their only means of support was Mrs. Holder's monthly Social Security check of $317. Appellant was authorized to cash the check on Mrs. Holder's behalf and used the proceeds to purchase food and necessities for himself and his mother. Appellant had no source of income for several months prior to his arrest. The Butler County Department of Human Services provided a monthly homemaker service to Mrs. Holder which was discontinued sometime in 1984 at Mrs. Holder's request. In August 1988, the agency terminated Mrs. Holder's medical card due to her lack of cooperation with the agency. When questioned by authorities regarding his mother's condition, appellant stated that he knew she was in pain but that he had done all that he could for her.

Following a bench trial, the trial court found appellant guilty of nonsupport or contributing to the nonsupport of a dependent contrary to R.C. 2919.-21(A)(3). The court sentenced appellant to sixty days in jail and stayed execution of the sentence pending appeal.

As his sole assignment of error, appellant contends:

"The trial court erred in finding the appellant guilty of non-support of a dependent in violation of Ohio Revised Code Section 2919.21(A)(3), as the evidence presented at trial does not support such a finding."

The sole issue to be decided in this appeal is whether appellant's failure to provide adequate medical attention to his mother constituted a "failure to provide support" within the meaning of R.C. 2919.21 since it is clear appellant used what limited financial resources were available to buy food and other necessities for his mother. R.C. 2919.21 provides, in part, for the following:

"(A) No person shall abandon, or *fail* to *provide adequate support* to:

"* * *

"(3) His or her aged or infirm parent or adoptive parent, who from lack of ability and means is unable to provide adequately for his or her own support." (Emphasis added.)

Appellant argues that R.C. 2919.21 applies only to financial support and the lack of any medical attention or medical care cannot, in and of itself, sustain a conviction under R.C. 2919.21. In support of his argument, appellant refers to the statute's Committee Comment which provides that: "Unlike some former statutes, this section [R.C. 2919.21] deals only with nonsupport and contains no elements of neglect or abuse, which are dealt with in section 2919.22 of the Revised Code." R.C. 2919.22 involves child endangerment and prohibits any person from creating a substantial risk to a child's health or safety by violating a duty of care, protection, or support. Within the context of R.C. 2919.22, it is arguable that the term "support" refers only to financial support inasmuch as the duty to provide medical attention could be included within an individual's duty of "care."

R.C. 2919.21 neither defines the term "support" nor distinguishes support from any other type of care, financial or otherwise. R.C. 2919.21 is, however, mentioned in R.C. 3113.04(A), which stated the following:

*"Sentence may be suspended, if a person, after conviction under section 2919.21 of the Revised Code and before sentence* thereunder, appears before the court of common pleas in which the conviction took place and *enters into bond* to the state in a sum fixed by the court at not less than five hundred nor more than one thousand dollars, with sureties approved by the court, *conditioned that the person will furnish the* child or other *dependent with necessary or proper home, care, food, and clothing,* or will pay promptly each week for such purpose to the child support enforcement agency, a sum to be fixed by the agency."* (Emphasis added.)

Reading R.C. 2919.21 *in pari materia* with R.C. 3113.04, it is clear that the legislature contemplated more than simply financial nonsupport and intended a broader definition of the term "support" than that contained in the Committee Comment following R.C. 2919.21. Indeed, it is logical to conclude that such support should include proper care, feeding and medical attention, all of which were lacking as adequately demonstrated by the record herein.

Having determined that the failure to provide non-financial as well as financial support will sustain a conviction under R.C. 2919.21, we find that there was sufficient and substantial evidence upon which the trial court could reasonably conclude that all elements of an offense under R.C. 2919.21 have been proven beyond a reasonable doubt. Accordingly, we refuse to reverse

appellant's conviction on the weight of the evidence. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304. Appellant's assignment of error is therefore overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.